UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TROY K. SCHEFFLER,

Plaintiff,

v.

CRYSTAL POLICE DEPARTMENT,

Defendant.

Civil No. 00-2719 (JMR/FLN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he seeks leave to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff is attempting to sue the "Crystal Police Department," which presumably is the police department for the city of Crystal, Minnesota. He alleges that various members of the Crystal Police Department have, on several occasions during the past four years, falsely arrested him, harassed him, physically abused him, refused to comply with his requests for a certain videotape, interfered with his relationship with a friend, and mistreated him in other ways. He is asking the Court for compensatory and punitive damages, and an order that would require the Crystal Police Department to stop

JAN 09 2001

FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

"harass[ing]" him.

## II. DISCUSSION

An IFP application will be denied and the action will be dismissed if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).[1] For the reasons discussed below, the Court concludes that Plaintiff's present complaint does not state a valid cause of action, and that it should therefore be summarily dismissed pursuant to § 1915(e)(2)(B)(ii).

The complaint in this case is defective because the only named Defendant, the "Crystal Police Department," is not a legally identifiable party that can be sued as such. A municipal police department is not a "suable entity;" it is merely a part of some larger municipal government, and has no separate legal existence by itself. Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir. 1992), ("[t]he West Memphis Police Department and West Memphis Paramedic Services are not judicial entities suable as such[;] [t]hey are

---

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

With the enactment of § 1915(e)(2)(B)(ii), it is no longer necessary for the Court to determine whether the instant complaint is "frivolous." Nevertheless, the Court notes that even under that old standard the instant complaint would be dismissed, as plaintiff has not made "any rational argument in law or fact entitling him to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

simply departments or subdivisions of the City government"); Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (same); Ricketts v. City of Hartford, 74 F.3d 1397, 1400 n. 1 (2nd Cir.) (same), cert. denied, 519 U.S. 815 (1996). Therefore, the "Crystal Police Department" cannot be sued as such in federal court.

Because the Crystal Police Department is the only named Defendant, and that "Defendant" cannot be sued as such, the complaint fails to state any claim on which relief can be granted. It will therefore be recommended that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**III. RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. The action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: January 8, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.