UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TROY K. SCHEFFLER,

Plaintiff,

v.

CITY OF CRYSTAL, MINNESOTA, and
CRYSTAL POLICE DEPARTMENT,

Defendant.

Civil No. 00-2719 (JMR/FLN)

**REPORT AND RECOMMENDATION**

THIS MATTER has been remanded to the undersigned United States Magistrate Judge for consideration of Plaintiff's motion to amend his complaint. (See Order dated February 23, 2001, [Docket No. 4].) For the reasons discussed below, it is recommended that Plaintiff's motion to amend be granted, but it is further recommended that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

On December 18, 2000, Plaintiff filed a complaint in which he attempted to sue a defendant identified as "(City of) Crystal Police Department." (Docket No. 1.) His complaint alleged that various members of the City of Crystal Police Department falsely arrested him, harassed him, physically abused him, refused to comply with his requests for a certain videotape, interfered with his relationship with a friend, and mistreated him in other ways. He demanded "$75,000 in punitive/compensatory awards and an immediate end to the continuing harassment brought to me by the Crystal Police Department."

After reviewing Plaintiff's original complaint, this Court recommended this case should be summarily dismissed, because the only named Defendant, the City of

MAR 1 2 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Crystal Police Department, is merely a unit of the City of Crystal, and is not a suable entity as such. (See Report and Recommendation, ["R&R"], dated January 8, 2001, [Docket No. 3].) Plaintiff responded to that recommendation by filing an "Appeal and Motion To Amend Complaint," (Docket No. 4), in which he objected to the recommended dismissal of this action, and asked for leave to file an Amended Complaint. A copy of Plaintiff's proposed Amended Complaint was submitted as an attachment to his motion. As previously noted, the District Court Judge remanded the matter to this Court to consider Plaintiff's motion to amend and his proposed Amended Complaint.

As far as the Court can tell, Plaintiff's Amended Complaint is identical to his original complaint, except for the caption. The caption of the Amended Complaint indicates that Plaintiff is now attempting to sue the "City of Crystal, Minnesota," as well as the "Crystal Police Department (Agent of City of Crystal)." The substantive allegations, and the relief Plaintiff is seeking, appear to be exactly the same in both the old and new pleadings.

## II. DISCUSSION

Because no defendant has appeared in this case, Plaintiff is entitled to amend his complaint once, without leave of court. Fed. R. Civ. P. 15(a). Plaintiff's motion to amend should therefore be granted.

When a party seeks leave to proceed in forma pauperis ("IFP"), as Plaintiff does here, (Docket No. 2), his pleading will be reviewed by the trial court to see whether it states cause of action on which relief can be granted. If the party seeking IFP status has failed to plead an actionable claim, his IFP application will be denied and the action will

be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).[1] Here, the Court finds that Plaintiff's Amended Complaint, like his original pleading, does not state a legally cognizable claim, and that his lawsuit should therefore be summarily dismissed pursuant to § 1915(e)(2)(B)(ii).

The Court initially notes that Plaintiff apparently is still trying to sue the City of Crystal Police Department as a separate Defendant. He cannot do that, however, for the reasons discussed in the previous R&R. The Police Department was -- and still is -- merely a unit of the City of Crystal. The Department, as such, cannot be sued, because it is simply not a suable entity.

The new Defendant that has been added to this lawsuit by Plaintiff's Amended Complaint, the City of Crystal, Minnesota, (hereafter "the City"), is a suable entity. Furthermore, the City is considered to be a "person" for purposes of the federal civil rights laws, and it therefore can be sued under 42 U.S.C. § 1983. Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 690 (1978); Reinhart v. City of Brooking, 84 F.3d 1071, 1073 (8th Cir. 1996) ("[a] municipality constitutes a person for

---

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

purposes of § 1983").[2]

However, it is well-settled that a municipality cannot be held vicariously liable for constitutional violations committed by its agents or employees. "[I]n other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell, 436 U.S. at 691. A municipality can be sued under § 1983 only if the municipality itself has

---

[2] Plaintiff's lawsuit purportedly is brought under 42 U.S.C. § 14141, which provides as follows:

> "(a) Unlawful conduct. It shall be unlawful for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.
>
> (b) Civil action by Attorney General. Whenever the Attorney General has reasonable cause to believe that a violation of paragraph (1) has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice."

Section 14141 was enacted to give the U.S. Justice Department legal authority to seek equitable relief where local law enforcement authorities have engaged in a "pattern or practice of conduct" that deprives citizens of their federal constitutional rights. See Marshall Miller, *Police Brutality*, 17 Yale L. & Pol'y Rev. 149 (1998). However, there is no indication that Congress intended to give private individuals standing to seek relief under § 14141. National Congress for Puerto Rican Rights v. City of New York, 75 F.Supp.2d 154, 166 (S.D.N.Y. 1999) ("[e]nforcement of the statute is entrusted to the Attorney General of the United States"); Miller, supra, at 173 ("[O]nly one person, the U.S. Attorney General, is authorized to remedy a 'pattern or practice' of constitutional violations by police officers. Not authorized to initiate actions for relief, nor even to intervene in the Attorney General's suits, are the victims of the constitutional deprivations resulting from the pattern or practice."). Moreover, it does not appear that Congress intended § 14141 to expand the scope of municipal liability beyond that which already exists under § 1983, (see U.S. v. City of Columbus, Ohio, No. CIV.A. 2:99CV1097 (S.D.Ohio 2000), 2000 WL 1133166), so Plaintiff would gain no advantage under § 14141 even if he could proceed under that statute. Plaintiff's lawsuit will therefore be construed as an action brought under § 1983.

violated the plaintiff's federal constitutional rights by the municipality's own policy, custom or practice. Id. ("Congress did not intend municipalities to be liable [under § 1983] unless action pursuant to official municipal policy of some nature caused a constitutional tort"); Angarita v. St. Louis County, 981 F.2d 1537, 1546 (8th Cir. 1992) ("[a] municipality may be held liable under section 1983 only if a municipal custom or policy caused the deprivation of [a] right protected by the constitution or federal laws"); Liebe v. Norton, 157 F.3d 574, 578-79 (8th Cir. 1998) ("in a § 1983 action, a municipality may only be liable for constitutional deprivations if the deprivation is the result of a policy or custom of the municipality").

In this case, even with the benefit of liberal construction, Plaintiff's Amended Complaint does not allege any constitutional wrongdoing by the City itself. To the contrary, it clearly appears that Plaintiff is seeking to hold the City vicariously liable for the alleged misdeeds of its employees. Because there is nothing in the Amended Complaint which suggests that any City employees violated Plaintiff's constitutional rights pursuant to some policy, custom or practice adopted by the City itself, Plaintiff has failed to state an actionable civil rights claim against the City.[3]

---

[3] In City of Canton, Ohio v. Harris, 489 U.S. 378 (1989), the Supreme Court held that a city can be held liable under 42 U.S.C. § 1983, if a claimant can prove (a) that the municipality failed to adequately train its employees, (b) that "the failure to provide proper training may fairly be said to represent a policy for which the city is responsible," and (c) that the inadequacy of the municipality's training policy was the specific cause of some injury to the claimant. Id. at 389-91. Plaintiff's Amended Complaint does not include any allegations that would support any of these elements of a City of Canton cause of action.

## III. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's Amended Complaint fails to state a claim on which relief can be granted. It is therefore recommended, once again, that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Motion To Amend Complaint," (Docket No. 4), be GRANTED;

2. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

3. The action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: March 9, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.